UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>       Plaintiff,<br><br>   v.<br><br>C/O JOHN DOE and STEPHEN SINCLAIR<br><br>       Defendants. | NO: CV-12-5003-RMP<br><br>ORDER DENYING MOTION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration, which the Court liberally will construe as a "Motion for Revision" under Fed. R. Civ. P. 54(b). ECF No. 8. Plaintiff noted his motion for hearing on March 16, 2012. It was heard without oral argument on the date signed below.

Plaintiff asks the Court to "reconsider" the Order to Amend or Voluntarily Dismiss, ECF No. 7. The Court had determined Plaintiff's speculation that a John Doe Defendant was responsible for the disappearance of Plaintiff's ID card was

ORDER DENYING MOTION -- 1

insufficient to state a cognizable claim of retaliation under 42 U.S.C. § 1983 and directed Plaintiff to amend or voluntarily dismiss within sixty (60) days.

Plaintiff insists the Court should allow him to proceed with the complaint he filed. He claims Defendant John Doe expressed opposition to his "speech" when he told Plaintiff that the active sergeant was not present, and refused to tell the sergeant on duty that Plaintiff wanted to talk to him. Plaintiff contends this failure to engage in the informal grievance process violated his First Amendment Right to speak.

Plaintiff should be mindful an inmate has no due process rights regarding the proper handling of grievances as there is no protected liberty interest in the prison grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) (concluding there is no legitimate claim of entitlement to a prison grievance procedure); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (noting that state created liberty interests "are generally limited to freedom from restraint"). Furthermore, inmates have no "separate constitutional entitlement to a specific prison grievance procedure." *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)(citation omitted).

The failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D.Ind.2003)

ORDER DENYING MOTION -- 2

("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Consequently, Plaintiff's assertion that Defendant John Doe failed to properly engage in the "informal grievance process," does not show a constitutional violation. Plaintiff makes no assertion he was prevented from filing a written grievance.

The Court finds no basis to vacate the Order to Amend or Voluntarily Dismiss Complaint. If Plaintiff wishes to proceed with this action, he should file a First Amended Complaint setting forth facts showing a plausible claim of retaliation under *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). At this time, **IT IS ORDERED** Plaintiff's Motion for Revision, ECF No. 8, is **DENIED.** Plaintiff shall file a First Amended Complaint or a Motion to Voluntarily Dismiss on or before **April 22, 2012.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to Plaintiff**.**

**DATED** this 21st day of March 2012.

  *s/ Rosanna Malouf Peterson*
 ROSANNA MALOUF PETERSON
 Chief United States District Court Judge

ORDER DENYING MOTION -- 3